# Samuel Solomon *v.* Patrick F. Loy, Appellant.

*Contracts—Sale of real estate—Auctions—Attempted rescission of contract—Counterclaim—Damages—Motion for new trial.*

In an action of assumpsit, to recover money paid on account of purchase of real estate at an auction sale, it appeared that the vendee had paid $750 on account and that the vendor had tendered to the vendee a good and sufficient deed of conveyance, both of which were in accordance with the terms of the auction. Vendee declined to receive the deed because the house was not as wide as the lot, demanded the return of the hand money and upon refusal thereof, brought suit.

Vendor filed an affidavit of defense denying liability and counterclaimed for damages amounting to $4,150, said amount representing the difference between the original purchase price and actual selling price obtained at a later auction, less the hand money paid by vendee, all of which was substantiated by the evidence in the case.

Under such circumstances, there was no evidence justifying vendee's refusal to complete his purchase, and judgment entered on a verdict in favor of the vendee will be reversed and the cause will be returned to the court below for retrial.

Argued October 3, 1923. Appeal, No. 51, Oct. T., 1923, by defendant, from judgment of C. P. No. 3, Phila. Co., June T., 1920, No. 1463, on verdict for plaintiff in the case of Samuel Solomon v. Patrick F. Loy. Before OR-LADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Assumpsit to recover money paid upon a sale of real estate. Counterclaim set up by defendant for losses sustained on resale of the real estate. Before DAVIS, J.

From the record it appeared that the defendant had offered at public sale the following described real estate:

"All that certain lot or piece of ground with the buildings and improvements thereon erected, situate on the southeast corner of Sixty-second Street and Girard Avenue (formerly Hamilton Street) in the 34th Ward

of the City of Philadelphia; containing in front or breadth on the said Sixty-second Street 20 feet, and extending of that width in length or depth eastwardly along the south side of the said Girard Avenue 100 feet.

"The improvement is a three-story brick store and dwelling, having large store, tile floor, back room, dining room, kitchen, with large range; also store-room, and toilet, on first floor; large bed room with stationary mahogany wardrobe, mirror doors, also large living room, with bay windows, 2 large bed-rooms, and tile bathroom, with modern plumbing, on second floor; 4 large bed rooms and bath room with modern plumbing, on third floor; gas, electricity, 2 baths, range, steam heat throughout, cement cellar, stationary tubs, hot and cold water, etc.

"This property was formerly occupied as a saloon. Tile floor and wainscoting in the bar room.

"This is a splendid business location, particularly for a delicatessen store or bakery. It is located at the intersection of two main streets and can be readily converted into a store on the first floor and 3 apartments above. Convenient to churches, schools and cars.

"Sold subject to and title to be taken according to a resurvey to be paid for by the purchaser.

"Seven hundred and fifty dollars to be paid at the time of sale. For further particulars apply to: M. T. McManus, Esq., Attorney at Law, 1100 Penn Square Building. "

Among the conditions of sale was the following provision:

"In addition to any other remedies given by law to the seller, it is agreed that in case of failure by the purchasers to comply with the terms of the sale the seller shall have the option of declaring the sale off and of retaining the deposit money as liquidated damages for the default, or of reselling the property either at public or private sale at the expense and risk of the purchasers

and of retaining said deposit money on account of any loss that may be occasioned thereby."

Other facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the amount of $913.62 and judgment thereon.   Defendant appealed.

*Errors assigned* were refusal of defendant's motions for judgment non obstante veredicto and for a new trial.

*M. T. McManus,* for appellant.

*Witkin & Egan,* for appellee.

OPINION BY LINN, J., November 19, 1923:

Defendant employed Freeman and Company, auctioneers, at public sale to sell certain real estate described in their advertisement (appearing in the reporter's statement of the case).   The sale was held on March 31, 1920; plaintiff's bid of $12,400 was accepted, and he paid $750 on account pursuant to the terms of sale.   On May 7, 1920, defendant tendered him a deed for a lot of ground twenty feet wide with improvements etc., as described in the advertisements upon the faith of which plaintiff said he bought.   He declined to receive it and demanded back the $750 paid on account, not because of any objection to the deed, or the title, but, it would seem, because the house was not as wide as the lot.   He then brought this suit to recover the $750 so paid.

Defendant filed an affidavit of defense in which he denied liability, and counterclaimed for $4,150, alleging, inter alia, that after plaintiff's refusal to perform, defendant, pursuant to a condition of the auction so providing (also quoted above by the reporter) again had the premises advertised for public sale by the same auctioneer and had them duly sold on June 23, 1920, to the highest bidder for $7,500, thereby losing $4,900, on which

he credited plaintiff with the deposit of $750, leaving
$4,150 for which he counterclaimed.    Plaintiff replied to
the counterclaim and the parties went to trial.

On plaintiff's own testimony, the advertisements, and
the admissions read into the record from the pleadings,
he was not entitled to recover and the court should so
have instructed the jury.    Plaintiff offered in evidence
an admitted paragraph from the statement of claim,
stating that he purchased the property "in sole reliance
of the representations made by Samuel T. Freeman &
Co., at the time of the sale......"; these representa-
tions were in the advertisements which were also ad-
mitted.    Plaintiff's admission of an allegation in the
counterclaim was read, to the effect that prior to and
at the time of the sale, defendant was the owner of the
property offered for sale.    Similarly, the parties read an
averment that on May 7, 1920, defendant tendered plain-
tiff "a good and sufficient deed of conveyance for the
land so purchased......and demanded from plaintiff
the balance of the purchase money......"    There was no
evidence justifying plaintiff's refusal to complete his
purchase.    Indeed, as the charge indicates that the trial
judge was of that opinion, it was doubtless only by in-
advertence that the matter was submitted to the jury.
He instructed the jury that there was nothing in the ad-
vertisements (on which plaintiff's "sole reliance" was
based) to indicate that "the structure on that lot was of
the width of twenty feet."    He affirmed the following
point: "In this case I charge you that according to the
description under which this property was sold to the
plaintiff, plaintiff was bound to accept a conveyance of
land 20 feet front, irrespective of the size of the house
erected on that land, and the plaintiff's refusal to accept
such a conveyance constitutes such a breach of his con-
tract as would bar a recovery by him."    But he said:
"If you believe that Mr. Solomon was not misled in the
first sale, that it was an open public auction; that the
description of this property was open to him for his in-

spection; that he could have ascertained all the facts in reference thereto, the size of the lot and the size of the house thereon, and with his eyes open he purchased this property for $12,400 and paid $750 on account, then he is not entitled to recover the $750 back." The jury should not have been permitted to disregard the evidence to which we have referred. Plaintiff's own testimony amounts to nothing more than that he changed his mind; there is no suggestion that the auctioneer's advertisements or anything connected with the auction was misleading—it is not even suggested that anything in connection with it was misunderstood by the plaintiff.

There is no merit whatever, in the suggestion in appellee's brief, that a question for the jury was made by plaintiff's statement that Mr. McManus, attorney for the defendant mentioned in the advertisement, told plaintiff some weeks after the sale that he would get only a lot seventeen feet eleven inches wide; for, though McManus denies the statement, there is no evidence that he was authorized to say defendant would not comply with the terms of sale; the sale was by the auctioneer, not by McManus; the only evidence of his authority was that stated in the advertisement to furnish "further particulars" of the proposed sale, not to repudiate the sale after it was made by the auctioneer.

As the case involves the trial of the counterclaim, we must send it back for re-trial.

Judgment reversed; new trial ordered.